IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :
                                 :
   v.                            :   Criminal No. DKC 18-0279
                                     Civil Action No. DKC 19-2917
                                 :
KEITH EDWARD TAYLOR
                                 :

                      **MEMORANDUM OPINION**

    Petitioner Keith Edward Taylor ("Petitioner") has two motions pending before the court: 1) a motion to order trial attorney to produce full discovery to Plaintiff (ECF No. 46) and 2) a motion pursuant to 28 U.S.C. § 2255 to vacate sentence (ECF No. 47). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied.

**I.   Background**

    Petitioner was initially charged in April 2018 by complaint. The original indictment, filed May 8, 2018, charged distribution, receipt, and transportation of child pornography. Each offense carried a mandatory minimum of five years and a maximum of 20 years in prison. Three months later, in July 2018, a ten-count superseding indictment was returned, adding three counts of production of child pornography. Each of those counts carried a mandatory minimum of 15 years and a maximum of

30 years in prison.  On August 29, 2018, pursuant to a plea agreement, Petitioner pled guilty to Count One of the Superseding Indictment charging him with production of child pornography.  The plea agreement provided that Petitioner would enter a guilty plea to the single count, the parties would be free to advocate for a reasonable sentence, and the government promised to dismiss the remaining counts at sentencing. The statement of facts specifically established the commission of other offenses, including at least four other instances of production of child pornography as well as distribution, receipt, transportation, and possession of child pornography. The production charges involved Petitioner's use of the instant messaging software application Kik Messenger to communicate with minors.  During the conversations, he persuaded the minors to engage in sexually explicit conduct, produce images of the conduct, and send the images to him.

After properly calculating the sentencing guidelines, the presentence report set the offense level at 50 (treated as level 43), and the criminal history category at I, with a guideline range of life. Because of the statutory maximum for the single count of conviction, the guideline range was 360 months. Extensive sentencing memoranda were filed, including a mental health evaluation and the contents of some of the Kik conversations.  The Government's sentencing memorandum reported

2

that Petitioner had admitted, after his arrest and after *Miranda* warnings, that he had pleaded guilty to a child pornography offense in 2009, but the conviction had been expunged.  He denied guilt for any child pornography crime in 2009.  Attached to the Government's reply memorandum was the police report from that case.  Defense counsel "took issue" with the use of the expunged conviction because he thought the police department was under a statutory obligation under state law to destroy it. He nevertheless acknowledged that, back in 2009, Petitioner received probation before judgment for possession of child pornography, completed probation, and obtained an expungement. During that hearing, the court commented, "I'm sitting here trying to think what I would do if I had not been advised of the 2009 law enforcement intervention, and I don't really think I would do anything different."  Defense counsel argued for a 15-year sentence, suggesting, *inter alia*, that Petitioner was less culpable than others with similar records who had been found guilty of similar conduct.  He pointed out that Petitioner had not shared (or distributed) the child pornography he produced. Petitioner was sentenced to 324 months imprisonment, followed by supervised release for his lifetime, and special assessments of $5,000 and $100.  He did not appeal.

3

**II. Habeas Petition**

   **A.   Contentions**

Petitioner presents four grounds for relief. First, he argues that he received ineffective assistance of counsel because his attorney advised him that an appeal would be a waste of time, told him that the government could not use or mention a prior expunged conviction, assured him that he would receive a sentence of between 17 to 20 years, and advised him that, if he went to trial and lost, he could receive a consecutive sentence for each count.  He also contends that counsel failed to cite during sentencing defendants with similar records who received sentences between 17-20 years.

He separately challenges, as illegal, the use of expunged records to increase the sentence.  He says that the prosecutor secured expunged records and referenced them at sentencing, which he believes caused him to receive a higher sentence. Third, he challenges the $5,000 additional special assessment as excessive.   Finally, he argues that the lifetime period of supervised release was unwarranted and unconstitutional.  As relief, he requests that his case be remanded for resentencing utilizing only material within the presentence report.  He does not seek to withdraw his guilty plea.

The Government's opposition to Petitioner's motion is accompanied by a declaration from Petitioner's counsel.  He

4

explains that he did, at the outset of the case, expect that Petitioner would be sentenced in the range of 17 to 20 years, but that was before the superseding indictment was filed. He also told Petitioner that the plea would restrict the sentencing range to 15 to 30 years and that if he were convicted of all counts after a trial, he could get a greater sentence, with consecutive sentences for each count. He also told Petitioner that he was not interested in pursuing an appeal because it would not be in Petitioner's interest. He reports that Petitioner did not instruct him to file a notice of appeal.

### B.  Standard of Review

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If Petitioner makes this showing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). If the § 2255 motion, along with the files and records of the case, shows that Petitioner is not entitled to

relief, a hearing on the motion is unnecessary, and the claims raised in the motion may be dismissed summarily. *Id.*

An issue may only be raised in a motion to vacate pursuant to 28 U.S.C. § 2255 if it has not been procedurally defaulted. One way a claim is procedurally defaulted is if it could have been raised on direct appeal and was not. The general rule is that "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective representation by counsel do not, ordinarily, have to be brought on direct appeal and, thus, may be raised for the first time on collateral review. For those claims that are defaulted, "[t]he Supreme Court has recognized an equitable exception to the bar . . . when a habeas applicant can demonstrate cause and prejudice, or actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). To demonstrate cause, the petitioner must show a reason for a procedural default based "on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). The petitioner must also demonstrate that he will suffer "actual prejudice" if his claim is not reviewed. *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003).

C.   **Ineffective Assistance of Counsel**

In a motion to vacate pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  A petitioner must show both that counsel provided deficient assistance and that there was prejudice.  When considering a claim of deficient performance, courts must evaluate the conduct from counsel's perspective at the time.  *See Strickland*, 466 U.S. at 690.  "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).  In other words, "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).  Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency.  To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of

7

the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In the guilty plea context, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'"  *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

### 1. Advice Concerning an Appeal

Petitioner states,

> I told my attorney at sentencing that I wanted to appeal the sentence, the fine, and terms of supervised release as well as the length of prison sentence.  My attorney told me while in court that he would not appeal the final sentence and that he felt it was a waste of time.  I feel this is ineffective assistance of counsel.

Petitioner's former attorney, T. Wray McCurdy, filed a Declaration under oath indicating that he told Petitioner that he had 14 days to file a notice of appeal and initiate an appeal of the sentence.  He advised Petitioner that an appeal "would not be in his interest and could result in a harsher sentence,"

8

and for those reasons, Mr. McCurdy "was not interested in pursuing an appeal of the sentence." Mr. McCurdy states that Petitioner did not instruct him to file a notice of appeal. (ECF No. 52-1 at 2). Petitioner does not state that he unequivocally told counsel to note an appeal. Rather, he appears to quarrel with counsel's advice concerning the wisdom of taking an appeal.

In *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007), the Fourth Circuit held that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal, and it added that an attorney is required to do so "even if doing so would be contrary to the plea agreement and harmful to the client's interests." Petitioner's statement of the issue is different than the one in *Poindexter* where the contention was specifically that counsel failed to file a timely notice of appeal after being unequivocally instructed to do so.

Petitioner cites two cases in support of his argument that he was deprived of his Sixth Amendment right to assistance of counsel. He cites *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), where the court clarified that counsel's failure to file a notice of appeal after a client asked him to do so constitutes ineffective assistance of counsel, regardless of the likelihood of success of the appeal. However, this rule only

9

applies if the client "actually requested his attorney to file the notice of appeal." *Id.* Petitioner also cites *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). That case dealt with the question of counsel's professional obligation "when the defendant has not clearly conveyed his wishes one way or the other" as to whether he wants counsel to file a notice of appeal. The Court held that, under those circumstances,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 480.

Here, Petitioner pled guilty pursuant to a plea agreement that contained an appeal waiver for any sentence under 30 years. He says, nevertheless, that he indicated an interest in appealing the sentence. Indicating a possible desire to appeal is a circumstance that would and should prompt counsel to discuss the issue with him. Counsel then did discuss it with him and advised that it would be a waste of time. Petitioner appears to have accepted that reasonable advice. There is no merit to Petitioner's claim that the advice from his attorney concerning the viability of an appeal was deficient.

### 2. Advice About Expunged Conviction, Length of Sentence, and Possible Consecutive Sentences

The next portion of Petitioner's ineffective assistance claim reads as follows:

> Also my attorney told me that the Government could not use or mention my prior (expunged) conviction, that my sentence would be between 17-20 years, and if I went to trial and lost I would receive a consecutive sentence for each count. This gross misadvice lead me to plead guilty to this charge even though the maximum length of sentence was set at 30 years as per the plea agreement. My prior was brought up at sentencing so I did not receive the 17-20 my attorney assured me I would get.

Petitioner's expunged conviction was not included in the pre-sentence report and thus did not affect his guideline range, which was at the highest in any event. At sentencing, the court remarked: "I'm sitting here trying to think what I would do if I

11

had not been advised of the 2009 law enforcement intervention, and I don't really think I would do anything different." Thus, Petitioner would have received the same sentence if the expunged conviction was never raised.

While counsel agrees that he told Petitioner that his sentence likely would be between 17 and 20 years, that was before the much more serious charges of production of child pornography were added. Moreover, the plea agreement itself acknowledges that no one could make a binding prediction or promise what the sentence would be and that none had been made. Furthermore, at the guilty plea hearing, Petitioner was advised that the sentence could be as much as 30 years and, when he was asked if anyone had promised him anything not set forth in the plea agreement, he responded "no."[1]

There is nothing incorrect about advising a defendant that sentences on multiple counts can be imposed consecutively and, inferentially, that a sentence imposed on multiple counts after a trial would likely exceed the sentence imposed on one count after a guilty plea.

All told, the so-called erroneous advice was either not wrong or not material. While Petitioner says all the advice

---

[1] Statements made by a defendant under oath at the plea colloquy, absent "extraordinary circumstances," may not be contradicted by a petitioner in a collateral proceeding. *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

went into his decision to plead guilty, he has not stated that he would have not pled at all and insisted on going to trial if the advice had not been given.  Such a choice would have been objectively unreasonable.

### 3. Unwarranted Disparity Argument

The final portion of the ineffective assistance claim is as follows:

> In addition, my attorney failed to argue against the unwarr[a]nted sentencing pursuant to 18 U.S.C. 3553(a)(6) amo[]ng defendants with similar records who have been found guilty of similar conduct.  Had my coun[sel] made this argument to the court he could have provided the court with the following cases to argue for a sentence of between 17-20 years:
> - Wise v Wilson 4th Circuit
> - Shaniesta Banks v U.S. 4th Circuit
> - United States v Payne 4th Circuit
> - Jenkins v U.S. 4th Circuit

Counsel did, as noted above, mention unwarranted disparity in his sentencing memorandum, although he did not suggest comparators.  Petitioner merely lists the four cases and does not provide any particulars about them.  The Government reported the information it could glean from public records and correctly argues that those other cases do not demonstrate that Petitioner's sentence is disparate even with those.  (ECF No. 52 at 13-15).  Petitioner has not shown that the allegedly similarly-situated defendants that he believes his attorney should have cited at sentencing were, in fact, similarly

13

situated to him, or that reference to those four, or any small sample, would have affected the sentence.

Accordingly, Petitioner's claims of ineffective assistance of counsel fail.

### D. Use of Expunged Conviction

Petitioner claims that the prosecuting attorney illegally obtained expunged records from a local jurisdiction that served to increase his sentence. As noted above, Petitioner himself revealed the prior conviction to law enforcement after his arrest, and the record produced by the prosecutor was the police report, not court records of the expunged conviction. The failure to raise this contention on appeal forecloses review in this proceeding. Moreover, the claim, which raises an issue of Maryland law only, is not cognizable. A petitioner may only assert federal constitutional or statutory claims here. There was no such federal violation inherent in presenting these matters.

### E. $5,000 Special Assessment

Petitioner labels the $5,000 special assessment as "excessive" and argues that it puts an undue burden on top of an already excessive sentence. He points out that no restitution was sought and that he cooperated in his case, so no taxpayer money was wasted.

14

Not only is this issue procedurally defaulted by the failure to raise it on appeal, but it also appears that it is not cognizable in this § 2255 proceeding.  In a recent opinion, Judge Hollander wrote that

> "28 U.S.C. § 2255 only entitles prisoners to attack a custodial component of a sentence." *United States v. Fabian*, 798 F.Supp.2d 647, 684 (D.Md. 2011).  Thus, as the Fourth Circuit has previously indicated, albeit in an unpublished opinion, "a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders[.]" *United States v. Hudgins*, 2006 WL 2794412, at *1, 201 Fed.Appx. 142 (4th Cir. Sept. 25, 2006).  Further, "nearly every other Court of Appeals that has considered the question has concluded that restitution orders cannot be attacked through a § 2255 petition, including those filed when the defendant is incarcerated." *Fabian*, 798 F.Supp.2d at 684 (collecting cases); *see also Miller v. United States*, DKC-17-0196, DKC-19-3541, 2021 WL 1139753, at *1 (D.Md. Mar. 25, 2021) (finding the same).

*United States v. Craig*, No. CR ELH-18-0450, 2022 WL 1522176, at *28 (D.Md. May 13, 2022), *aff'd*, No. 22-6625, 2022 WL 17959511 (4th Cir. Dec. 27, 2022).  The same rationale applies to the special assessment imposed pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014.  That provision mandates a $5,000 special assessment for all non-indigent defendants convicted of certain offenses, including child pornography offenses.  Petitioner has never been determined to be indigent, and the pre-sentence report recommended imposition

15

of the assessment and reported that, while his net worth was negative, he did have significant liquid assets available.

This ground presents no basis for relief.

**F.   Length and Conditions of Supervised Release**

In his final ground, Petitioner argues that the length and conditions of supervised release are unwarranted and unconstitutional. He says that lifetime supervised release is unlawful: "A maximum effective sentence of life is unconstitutional for the crime committed." He also laments that the lack of "access to certain programs and internet sites is against [his] human rights in this highly technological age."

Petitioner did not object at trial or on appeal, so this issue is procedurally defaulted. Moreover, the lifetime term is not unconstitutional, is specifically provided for in the statutes, and has repeatedly been upheld as substantively reasonable in similar cases. The court notes, however, that the court always retains authority to amend or modify the conditions when a person is on release, so he will be able to challenge the conditions at that time. 18 U.S.C. § 3583(e)(1). Courts are mindful of the tension between the ubiquitous nature of the internet today and the need to protect the public from future crimes by someone who used the internet to commit his crime. *See, e.g., United States v. Hamilton*, 986 F.3d 413, 421-22 (4th Cir. 2021).

16

**III. Motion to order trial attorney to produce full discovery**

Petitioner requests the court to order his former attorney "to produce this plaintiffs Full Discovery to this plaintiff." (ECF No. 46). "It is the intent of this plaintiff to use this Discovery so that a more favorable judgment maybe procured by this plaintiff." Petitioner's motion will be denied because he reviewed discovery with counsel and was present at all proceedings with counsel. The unspecified discovery he seeks to be sent to him while he is incarcerated does not constitute newly discovered evidence, as defined by 28 U.S.C. § 2255(h)(1).

**IV. Conclusion**

For the foregoing reasons, the motion to vacate sentence filed by Petitioner Keith Edward Taylor will be denied, as will his motion to produce discovery.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies

this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard.  Accordingly, it declines to issue a certificate of appealability.  A separate order will follow.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge